FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAY 04 2004

at 3 o'clock and 15 min. P M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 02-00408 SOM |
| Plaintiff, | ) | |
| vs. | ) | ORDER CLARIFYING REASONS FOR DENYING DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE |
| JACOB DRUMMONDO-FARIAS, | ) | |
| Defendant. | ) | |

ORDER CLARIFYING REASONS FOR DENYING
DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE

This court imposed its sentence on Defendant on May 3, 2004. In imposing the sentence, the court denied Defendant's Motion for Downward Departure, which had argued that a downward departure was justified based on Defendant's asserted diminished capacity. The court now clarifies one aspect of its reasoning, but leaves in place its ruling and the sentence imposed.

During the hearing, the court noted that section 5K2.13 prohibits a downward departure if "the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence." The court found that, given the firearm and ammunition evidence in this case, Defendant's actions had involved a serious threat of violence. The court also noted that Defendant had not established that he had acted while suffering from a "significantly reduced mental capacity," as required by section 5K2.13. In addition, the court noted that Defendant had

not shown that the asserted "significantly reduced mental capacity" had contributed substantially to the commission of the offense, as further required by section 5K2.13. The court now retracts its reasoning relating to a substantial contribution to the commission of the offense, as the contribution requirement is inapplicable to this case.

The contribution requirement was added to the guidelines in the manual that took effect on November 5, 2003. However, Defendant was sentenced using the guidelines set forth in the manual effective on November 1, 2001, as that manual was more advantageous to him than the manual currently in effect. The 2001 manual did not include the contribution requirement. Therefore, the court rests its ruling on all of the grounds stated during the hearing except for the ground relating to the contribution requirement. In all other respects, the court's reasoning remains unchanged, and, as noted above, the denial of the Motion for Downward Departure and the sentence are unaffected by this clarification.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, May 4, 2004.

/s/ Susan Oki Mollway
SUSAN OKI MOLLWAY
United States District Judge

United States of America v. Drummondo-Farias; CR. NO. 02-00408 SOM; ORDER CLARIFYING REASONS FOR DENYING DEFENDANT'S MOTION FOR DOWNWARD DEPARTURE